UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 10-19012 |
| ALEXANDER MARTINEZ, | Chapter 7 |
| Debtor. | Judge Pat E. Morgenstern-Clarren |
| KEYBANK NATIONAL ASSOCIATION, | Adversary Proceeding No. 10-1403 |
| Plaintiff, | |
| v. | |
| ALEXANDER MARTINEZ, | **MEMORANDUM OF OPINION AND ORDER**[1] |
| Defendant. | |

KeyBank National Association (the bank), plaintiff in this adversary proceeding, moves for summary judgment against defendant-debtor Alexander Martinez on claims for conversion, a determination of nondischargeability of debt, and denial of the debtor's discharge. The debtor did not oppose the bank's amended motion for summary judgment.[2] For the reasons stated below, the bank's motion is denied.[3]

## I. JURISDICTION

The court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding

---

[1] This opinion is not intended for commercial publication.

[2] The debtor had until June 14, 2011 to file his brief. *See* docket 15.

[3] Docket 18, 20.

under 28 U.S.C. §§ 157(b)(2)(I), (J), and (O). This decision is within the court's constitutional authority as analyzed by the Supreme Court in *Stern v. Marshall*, 79 U.S.L.W. 4564 (U.S. 2011). Moreover, the parties have consented to entry of a final order by this court.[4]

## II. SUMMARY JUDGMENT

Summary judgment is governed by Federal Rule of Civil Procedure 56, which provides in relevant part:

> **Rule 56. Summary Judgment**
> **(a) By a Claiming Party.** A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.
>
> \* \* \*
>
> **(c) Serving the Motion; Proceedings**. . . . The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

FED. R. CIV. P. 56(a) and (c) (made applicable by FED. R. BANKR. P. 7056). Summary judgment

> is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). However, [the movant] bears the burden of proving that there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

*Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 546-47 (6th Cir. 2008). In evaluating the evidence presented, the court must:

> draw all inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

---

[4] Joint Pretrial Statement at ¶ 1, docket 13.

> 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A genuine issue
> of material fact exists when there are "disputes over facts that
> might affect the outcome of the suit under the governing law."
> *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct.
> 2505, 91 L.Ed.2d 202 (1986). However, "[w]here the record taken
> as a whole could not lead a rational trier of fact to find for the non-
> moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475
> U.S. at 587, 106 S.Ct. 1348.

*Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008). To meet its burden, the bank must establish that (1) there is no dispute over any material fact; and (2) it is entitled to judgment as a matter of law. The bank must meet these requirements even though its motion is not opposed.

### III. DISCUSSION

#### A. The Facts[5]

The debtor filed his chapter 7 case on September 12, 2010. Prior to filing, the debtor was a member of Stalex L.L.C. (Stalex) and an officer and shareholder of Alexander's Restaurant & Billiards, Inc. (Alexander's). Stalex and/or Alexander's owned and operated a tavern/restaurant called Alexander's Tavern on property owned by Stalex at 30850 Lorain Road, North Olmsted, Ohio (the real property). The debtor and his son Steve Martinez operated the tavern from 1996 and until it ceased operations in January 2009.

In May 2006, Stalex entered into a loan agreement with the bank evidenced by a promissory note in the amount of $850,000.00 and a mortgage encumbering the real property. The parties amended the note by a change in terms agreement dated September 7, 2007. Under

---

[5] These undisputed facts are drawn from the pleadings, the parties' joint pretrial statement, evidence submitted with the motion, and the debtor's admissions as deemed admitted by order of this court. (Docket 1, 12, 13, 17, 23).

3

the mortgage, the bank had the absolute and unconditional right to collect all rents and revenue generated by the real property. Stalex and Alexander's each executed and delivered commercial security agreements to the bank to further secure the note, and the debtor unconditionally guaranteed it. Under the security agreements, Stalex and Alexander's granted the bank a general lien and security interest in all of their tangible and intangible personal property "including, without limitation, all inventory, equipment, accounts, chattel paper, instruments, letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, and other rights to payment and performance (the personal property)[.]"[6] The bank perfected its security interests.

On June 29, 2009, the bank obtained a judgment on the note and guaranty jointly and severally against the debtor, Stalex, Alexander's, and others in the amount of $849,861.57, plus interest, costs, and expenses.

In November 2010, the bank learned that Nissan of North Olmsted was storing and parking vehicles on the real property. On November 17, 2010, the bank sent Nissan a notice of its right to collect rents generated by that property and demanded payment of the rent in connection with its use.

The bank offered the deposition testimony of Steve Martinez to support its motion. According to Mr. Martinez:

> The debtor owns an interest in and manages Lone Tree Tavern, which is a restaurant/tavern located at 33009 Lorain Road, North Ridgeville, Ohio. Alexander's owned a 2003 Lincoln and used two

---

[6] Joint Pretrial Statement at ¶ 2, docket 13.

catering trucks.[7] The Lincoln is currently located on the premises of the Lone Tree Tavern and Mr. Martinez has also seen the two trucks at that location. Title to one of the trucks was held by an entity called ASM Catering, Inc. and was transferred to LTT, LCC, which he believes is Lone Tree Tavern. ASM Catering is a separate entity from Alexander's. The document of transfer indicates that no money was paid for the transfer.

Alexander's also owned equipment which was located on the real property. Some of the equipment was removed from the property (the missing property), while some remains there. Mr. Martinez filed a police report detailing the missing property. The bank prepared a list which includes some of the missing property and states a total price of $13,500.00.

Alexander's had a bank account at KeyBank. The debtor and Mr. Martinez were the only signatories on the account. In August 2008, the debtor transferred $30,000.00 from the account to Lone Tree Tavern's account at Huntington National Bank.

\* \* \*

The debtor is deemed to have admitted that he removed and sold the missing property. Based on Mr. Martinez's testimony, it appears that some of the missing property was removed in November and December 2010, at a time when only the debtor and Mr. Martinez had access to the property. It is not clear when the rest of the missing property was removed.

### B. The Bank's Motion

The bank's complaint asserts five claims for relief. The bank requests summary judgment as to claims one, two, three, and four.[8] Claim one is for conversion. Claim two requests a determination of non-dischargeability under Bankruptcy Code § 523(a)(6). Claims

---

[7] Steve Martinez also testified about a trailer that was used at Alexander's; however, his testimony did not establish what entity held title to the vehicle or what became of it.

[8] Claim 5 requests declaratory relief regarding non-dischargeability of debt. It is not, however, clear what debt this count addresses.

5

three and four ask that the debtor be denied a discharge under 11 U.S.C. § 727(a)(2) based on the fraudulent transfer and concealment of assets.

### 1. Claim One

Claim one alleges that the debtor wrongfully exercised dominion and control over the missing personal property, the funds withdrawn from the KeyBank account, and the Nissan rents. The bank alleges that the debtor is liable for conversion because he removed the personal property from Alexander's Tavern without the bank's authorization, and also removed the vehicles from the real property without the bank's permission and for the benefit of Lone Tree Tavern.

The elements of conversion are: "(1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages." *Dice v. White Family Cos.*, 878 N.E.2d 1105, 1109 (Ohio Ct. App. 2007). To support the bank's motion for summary judgment, the bank had to establish that there is no genuine issue of fact as to each of these elements. The bank did not do so.

The evidence presented shows there is a factual issue as to what personal property is missing, when the property was removed, and what happened to the proceeds. There is also an issue as to what was done with the Nissan rents. Additionally, there is an issue as to damages. In the case of conversion, damages are generally determined based on the value of the property at the time of conversion. *Schaffer v. First Merit Bank, N.A.*, 927 N.E.2d 15, 22 (Ohio Ct. App. 2009) (citing *Erie R. Co. v. Steinberg*, 113 N.E. 814 (Ohio 1916)). The bank did not offer any

6

evidence as to the value of the personal property and vehicles, or as to the amount of the Nissan rents.[9] Consequently, summary judgment on this claim is not warranted.

## 2. Claim Two

Claim two requests a determination of non-dischargeability under Bankruptcy Code § 523(a)(6) based on the bank's allegation that the debtor willfully and maliciously injured the bank's property, including the missing personal property and vehicles, the funds withdrawn from the KeyBank account, and the Nissan rents. The bank argues that the debtor willfully and maliciously misappropriated its collateral without its consent.

Section 523(a)(6) provides that a debtor is not discharged from a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" 11 U.S.C. § 523(a)(6). The bank must show both willful injury and malicious injury by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S.279, 291 (1991); *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999). An intentional act alone is insufficient; the injury itself must be intentional. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). A willful injury results when the actor desires to cause the consequences of his actions or when he believes that the consequences are substantially certain to result from his actions. *Markowitz,* 190 F.3d at 464. A person acts maliciously in this context when the person acts "in conscious disregard of his duties or without just cause or excuse." *Gonzalez v. Moffitt (In re Moffitt)*, 252 B.R. 916, 923 (B.A.P. 6th Cir. 2000). "As the Supreme Court pointed out in *Geiger*, the 'willful and malicious' standard in § 523(a)(6) brings to the legal mind the idea of an intentional tort." *Monsanto Co. v.*

---

[9] Although the debtor is deemed to have admitted that the missing property was sold and the police report listed a price for some of the removed personal property, that is insufficient to establish the property value at the time it was removed.

*Trantham (In re Trantham)*, 304 B.R. 298, 307 (B.A.P. 6th Cir. 2004). And it does not include every tort of conversion. *Geiger*, 523 U.S. at 64.

Summary judgment on this claim is not appropriate. As noted, § 523(a)(6) requires a finding of intent and summary judgment is generally not appropriate when intent is at issue. *See Hoover v. Radabaugh*, 307 F.3d 460, 467 (6th Cir. 2002). To prove its claim under § 523(a)(6), the bank is required to establish that the debtor intended the harm that resulted to the bank. Even accepting as fact the bank's allegation that the debtor intentionally took the personal property and vehicles, collected the rents, and withdrew the funds, the bank has not shown that the debtor acted with intent to cause it injury.

### 3. Claims Three and Four

Claims three and four allege that the debtor should be denied a discharge under § 727(a)(2) because the debtor fraudulently transferred and concealed his property and property of the estate with the intent to defraud the bank and other creditors. Again, the bank's summary judgment motion is based on the debtor's transfer of the personal property, removal of the vehicles, and concealment of the rental income both before and after his case was filed. Section 727(a)(2) provides that:

> (a) The court shall grant the debtor a discharge, unless—
>
> \* \* \*
>
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition.

11 U.S.C. § 727(a)(2). For the bank to prevail on these claims, it must establish that: (1) the debtor (or his authorized agent) transferred property that would have become estate property; (2) with actual intent to hinder, delay, or defraud an entity with interest in that property; and (3) did so either within one year prior of, or at any point subsequent to, the bankruptcy filing. 11 U.S.C. §§ 727(a)(2)(A), (B); *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir. 2000); *C & H Elec. v. Newell (In re Newell)*, 321 B.R. 885, 888–89 (Bankr. N.D. Ohio 2005).

The bank failed to carry its burden with respect to these claims for at least three reasons. One, as noted above, there are factual issues regarding what happened to the personal property and the rent. Additionally, there are factual issues as to ownership of the vehicles. Two, also as noted, summary judgment is generally not appropriate when intent is at issue. Three, § 727(a)(2) requires a finding that the debtor disposed of property belonging either to the debtor or to the estate. The bank argues that the debtor "clearly exercised ownership" over and transferred and concealed: (1) the personal property which was used to operate Alexander's Tavern; (2) the vehicles used in the operation of Alexander's Tavern; and (3) the Nissan rental income. The evidence presented does not, however, show that the debtor owned this property or that it would have become property of the chapter 7 estate. Rather, the evidence showed that this property was owned either by Alexander's and Stalex, or by the bank under the mortgage and the security agreements. Although the bank provided proof that the debtor was an officer and shareholder of

9

Alexander's and a member of Stalex, that proof does not establish the debtor's ownership of the property.  See OHIO REV. CODE § 1705.03(C) (1) (providing that a limited liability company may "purchase or otherwise acquire . . . property . . . of any description or any interest in property of any description"); *City of Lorain v. Gel-Pak, Inc.*, 486 N.E.2d 836, 838 (Ohio Ct. App. 1984) (stating the basic principle of corporate law that "shareholders of a corporation have no ownership interest in the property held by the corporation"); *compare with*, *Barclays/Am. Bus. Credit, Inc. v. Adams (In re Adams)*, 31 F.3d 389, 394 (6th Cir. 1994) (observing that property of a debtor corporation was properly characterized as property of a debtor insider under § 727(a)(2) by incorporation through § 727(a)(7)).  Consequently, summary judgment is denied as to these claims.

### IV.  **CONCLUSION**

For the reasons stated, the plaintiff-bank's motion for summary judgment is denied.

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge